IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | No. 16 CV 8146 |
| | ) | (No. 12 CR 320) |
| | ) | |
| Zenon Grzegorczyk, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion and Order

Zenon Grzegorczyk was charged with three counts of using a facility of interstate commerce with intent that a murder be committed, in violation of 18 U.S.C. § 1958(a), and one count of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to a written agreement, petitioner pled guilty to one of the § 1958(a) counts (Count Three) and the § 924(c) count (Count Four), and the government agreed to dismiss the remaining charges after sentencing. In his plea, petitioner admitted that he "knowingly possessed a firearm...in furtherance of a crime of violence" as charged in Count Three. Petitioner expressly waived his right to appeal his conviction, agreeing that he "may only appeal the validity of this plea of guilty and the sentence imposed." I imposed a sentence of 151 months of confinement on the first

offense and a consecutive 60 months on the second. Petitioner appealed his sentence and the Seventh Circuit affirmed. *U.S. v. Grzegorczyk*, 800 F. 3d 402 (7th Cir. 2015). Before me is petitioner's 28 U.S.C. § 2255 motion to vacate his sentence. The motion is denied for the reasons explained below.

Petitioner argues that his § 924(c)(1) conviction is invalid because it depends on the "residual clause" of § 924(c)(3)(B), which is constitutionally indistinguishable from the residual clause the Supreme Court held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (residual clause of sentencing enhancements in the Armed Career Criminals Act void for vagueness). Indeed, the Seventh Circuit so held in *United States v. Cardena*, 842 F.3d 959, 995-96 (7th Cir. 2016) (*Johnson* invalidates residual clause of § 924(c)(3)(B)). Accordingly, had petitioner been convicted after a jury trial, he might have had a leg to stand on under § 2255. But that relief is unavailable to him because he pled guilty to a crime of violence, thereby waiving his *Johnson* challenge.[1] *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017) (defendant who pled guilty to attempted Hobbs Act robbery and a § 924(c)(1) offense waived argument that indictment did not

---

[1] Although I stayed briefing on the petition at the government's request pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held the identically worded residual clause of 18 U.S.C. § 16(b) unconstitutionally vague, *Dimaya* does not disturb the ground on which I conclude that petitioner is ineligible for relief.

charge a "crime of violence," regardless of the fact that *Cardena* post-dated his guilty plea); *Davila v. United States*, 843 F.3d 729, 731-32 (7th Cir. 2016) (explaining that *Brady v. United States*, 397 U.S. 742 (1970), and *United States v. Broce*, 488 U.S. 563 (1989), precluded defendant who pled guilty to Hobbs Act conspiracy and a § 924(c)(1) offense from relying on *Johnson* and *Cardena* to upset his conviction). Citing the Seventh Circuit's unequivocal holdings of these cases—which it has reiterated in a subsequent, non-precedential order, *United States v. Starwalt*, No 16-3505, 701 F. App'x 508 (7th Cir. Nov. 14, 2017)—several lower courts have denied *Johnson* relief to defendants seeking to vacate their sentences after pleading guilty to § 924(c)(1) charges predicated on crimes of violence. *Mediate v. United States*, 2018 WL 1366689, at *6 (S.D. Ind. Mar. 16, 2018); *United States v. Pullia*, Nos. 16 C 6450, 16 C 6455, 16 C 7631, 2017 WL 5171218, at *5-*6 (N.D. Ill. Nov. 8, 2017); *Pena v. United States*, No. 16 C 2239, 2017 WL 2588074, at *4 (C.D. Ill. Jun. 14, 2017); Ward v. United States, 3:16-cv-4640RLM, 2017 WL 784238, at *4 (N.D. Ind. Mar. 1, 2017); *but see United States v. Adams*, 2018 WL 3141829, at *2 (N.D. Ill. Jun. 27, 2018) (vacating sentences of defendants who pled guilty to Hobbs Act conspiracy and § 924(c)(1) offenses under *Johnson* and *Cardena*, but without examining *Wheeler* or *Davila*, which the government did not raise).

3

Because *Davila* and *Wheeler* are dispositive of petitioner's motion, I need not address the remaining arguments the parties raise.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 17, 2018